FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 OCT -3  A 9: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

NIVEEN ATLAM and
HOSAM ATLAM
20160 Bar Harbor Terrace
Ashburn, VA 20147

    Plaintiff,

v.

Case No.: 1:13cv1223
AJT/JFA

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Indenture Trustee, for New Century Home Equity Loan Trust 2004-4

    Defendant.

## COMPLAINT

The Plaintiff, Niveen Atlam and Hosam Atlam (hereinafter, "Plaintiffs"), by and through undersigned Counsel, and for their Complaint against DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee, for New Century Home Equity Loan Trust 2004-4 (hereinafter "NCHELOC 2004-4 Trust"), states as follows:

### INTRODUCTION

1.    Plaintiffs bring this action for violation of the Truth-In-Lending Act, 15 USC §1601 et seq. ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of transfer of ownership interest in Plaintiffs' mortgage loan as required by 15 USC §1641(g).

### JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 28 USC §1331 (federal question), and 15 USC §1640 (Truth in Lending Act).

5.    Venue is appropriate in this Court as the events giving rise to the Plaintiffs' cause of action occurred in this district.

## THE PARTIES

6. Plaintiff is a resident of Loudoun County, Virginia.

7. NCHELOC 2004-4 Trust is a Delaware common law trust, and Deutsche Bank National Trust Company serves as trustee to the NCHELOC 2004-4 Trust.

## FACTUAL ALLEGATIONS

8. On or about November 1, 2004, Plaintiff entered into a consumer credit transaction (hereinafter "the Note") with New Century Mortgage Corporation ("New Century") in which the extended consumer credit was subject to a finance charge payable to New Century as Lender.

9. On August 1, 2013, for value received, the beneficial interest in the Plaintiffs' mortgage note was assigned to Defendant NCHELOC 2004-4 Trust. A written assignment identifying the NCHELOC 2004-4 Trust as the assignee was executed on August 1, 2011, and recorded on August 15, 2013, in the land records office of Loudoun County, Virginia (Exhibit A).

10. The mortgage loan at issue was secured by the Plaintiff's principal residence.

11. The Truth-In-Lending Act, at 15 USC §1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically, §1641(g) states:

> (g) Notice of New Creditor
> (1) In general
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner of assignee of the debt shall notify the borrower in writing of such transfer, including --
> (A) the identity, address, telephone number of the new creditor'
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;

2

>(D) the location of the place where transfer of ownership of the debt is recorded; and
>(E) any other relevant information regarding the new creditor.
>(2) Definition
>As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

12. The NCHELOC 2004-4 Trust failed to provide the disclosures required by TILA § 1641(g) to Plaintiff.

## COUNT I

13. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth herein.

14. The NCHELOC 2004-4 Trust received an assignment of the beneficial interest in Plaintiffs' mortgage "together with the note and obligation therein described and money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust" on August 1, 2013.

15. The NCHELOC 2004-4 Trust is a creditor within the meaning of 15 USC 1641(g).

16. Said mortgage secures an interest in real estate which is used by Plaintiffs as their principal dwelling.

17. Upon receipt of that assignment the NCHELOC 2004-4 Trust was required to notify Plaintiff in writing of such transfer within 30 days, and make all the disclosures set out above (¶11).

18. The NCHELOC 2004-4 Trust failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE, Plaintiffs demand judgment for statutory damages, costs, and attorney's fees pursuant to 15 USC 1641(a).

PLAINTIFF DEMANDS TRIAL BY JURY ON THE CLAIMS ASSERTED HEREIN

NIVEEN ATLAM and HOSAM ATLAM

By Counsel,

Brown, Brown & Brown, P.C.

By: _____
Christopher E. Brown, VSB#39852
6269 Franconia Rd
Alexandria, Virginia 22310
Tel. 703.924.0223  -  Fax 703.924.1586
brownfirm@lawyer.com
*Counsel for Plaintiff*

COMPLAINT EXHIBIT

Exhibit A – Assignment of Deed of Trust August 1, 2013.